CAF/KSC: USAO#2014R00027

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

2014 JUL 24  A 8:55

CLERK'S OFFICE
AT BALTIMORE

| | |
|---|---|
| UNITED STATES OF AMERICA | * UNDER SEAL |
| v. | * CRIMINAL NO: |
| ALEX RAYMOND VALERIO, | * (Conspiracy to Distribute and Possess |
| MOISES ROSARIO, | * with Intent to Distribute Controlled |
| EDDIE EUSEBIO MATEO, | * Substances, 21 U.S.C. § 846; Forfeiture, |
| RONALD FRANCIS WOSK JR., | * 21 U.S.C. §§ 853 and 853(p), 28 U.S.C. § |
| | * 2461(c)) |
| KEITH JOSEPH HERRING, | * |
| ROBERT JAMES BOOKHAMER, | * |
| | * |
| | * |
| Defendants. | * |

JFM-14-0346

* * * * * * * * * * * *

## INDICTMENT

### COUNT ONE

The Grand Jury for the District of Maryland charges that:

From at least in or about May 2013, and continuing to in or about July 2014, in the District of Maryland and elsewhere,

**ALEX RAYMOND VALERIO,
MOISES ROSARIO,
EDDIE EUSEBIO MATEO,
RONALD FRANCIS WOSK JR.,**

the defendants herein, did knowingly, willfully, and unlawfully combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury to knowingly, intentionally, and unlawfully distribute and possess with intent to distribute a mixture or

1

substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

### Quantity of Controlled Substances Involved in the Conspiracy

With respect to defendants, **ALEX RAYMOND VALERIO** and **MOISES ROSARIO**, the amount involved in the conspiracy attributable to each of them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to each of them is 280 grams or more of a quantity of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A)(iii).

With respect to defendants, **EDDIE EUSEBIO MATEO, RONALD FRANCIS WOSK JR.** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ the amount involved in the conspiracy attributable to each of them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to each of them is 28 grams or more of a quantity of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(B)(iii).

With respect to defendant, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ the amount involved in the conspiracy attributable the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is a quantity of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(C).

21 U.S.C. § 846

## COUNT TWO

The Grand Jury for the District of Maryland charges that:

From at least in or about February 2014, and continuing to in or about July 2014, in the District of Maryland and elsewhere,

**ALEX RAYMOND VALERIO,
MOISES ROSARIO,
EDDIE EUSEBIO MATEO, and
RONALD FRANCIS WOSK JR.,**

the defendants herein, did knowingly, willfully, and unlawfully combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury to knowingly, intentionally, and unlawfully distribute and possess with intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1).

### Quantity of Controlled Substances Involved in the Conspiracy

With respect to defendants, **ALEX RAYMOND VALERIO** and **MOISES ROSARIO**, the amount involved in the conspiracy attributable to each of them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to each of them is 1 kilogram or more of a quantity of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(b)(1)(A)(i).

With respect to defendants, **EDDIE EUSEBIO MATEO** and **RONALD FRANCIS WOSK JR.**, the amount involved in the conspiracy attributable to each of them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to each of them is 100 grams or more of a quantity of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(b)(1)(B)(i).

21 U.S.C. § 846

## COUNT THREE

The Grand Jury for the District of Maryland charges that:

From at least in or about May 2013, and continuing to in or about July 2014, in the District of Maryland and elsewhere,

**ALEX RAYMOND VALERIO,**
**MOISES ROSARIO,**
**EDDIE EUSEBIO MATEO,**
**KEITH JOSEPH HERRING, and**
**ROBERT JAMES BOOKHAMER,**

the defendants herein, did knowingly, willfully, and unlawfully combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury to knowingly, intentionally, and unlawfully distribute and possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

### Quantity of Controlled Substances Involved in the Conspiracy

With respect to defendants, **ALEX RAYMOND VALERIO, MOISES ROSARIO,** and **EDDIE EUSEBIO MATEO**, the amount involved in the conspiracy attributable to each of them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to each of them is 500 grams or more of a quantity of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(b)(1)(B)(ii).

4

With respect to defendants, **KEITH JOSEPH HERRING** and **ROBERT JAMES BOOKHAMER**, the amount involved in the conspiracy attributable to each of them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to each of them is a quantity of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(b)(1)(C).

21 U.S.C. § 846

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Title 18, United States Code, Section 853, upon conviction of an offense in violation of 18 U.S.C. § 846 or § 841(a) as set forth in Counts One, Two, and Three, each defendant shall forfeit to the United States of America:

   a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation; and

   b. any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

2. The property to be forfeited includes, but is not limited to, the following:

   a. A sum of money equal to the value of the proceeds of any offense for which the defendant is convicted, which sum will be at least $200,000; and

   b. The following assets:

      i. a 2009 Lincoln four door sedan bearing Maryland registration tag 25694CD and vehicle identification number 1LNHM93RX9G603642 operated by Robert James Bookhamer;

      ii. 

      iii. a 2005 Volkswagen four door sedan bearing Maryland registration tag 6BK0758 and vehicle identification number WVWAD63B25P039177 operated by Keith Joseph Herring;

    iv.    a 2006 Toyota four door sedan bearing Maryland registration tag 6BD7091 and vehicle identification number 4T1BK36B56U083306 operated by Ronald Francis Wosk Jr.;

    v.    a 2002 Lexus LS 430 bearing Maryland registration tag 3BL8849 and vehicle identification number JTHBN30F620060527 operated by Moises Rosario;

    vi.    a 2007 BMW four door sedan bearing Maryland registration tag 7BA1472 and vehicle identification number WBAHL83597DT07599; and

    vii.    a 2002 Dodge Neon bearing Maryland registration tag 7BN3259 and vehicle identification number 1B3ES56C72D610005.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

18 U.S.C. § 853; 28 U.S.C. § 2461(c); Rule 32.2(a)

ROD J. ROSENSTEIN / CAF
United States Attorney

A TRUE BILL:

Foreperson

Date: 7-17-14